**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOHN E. CASABURRO,

        Plaintiff,

v.                                                               Case No. 6:14-cv-890-Orl-37KRS

SEAN BEERY; ISAAC E. SENEZ; and
UNKNOWN DEFENDANTS,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendants' Motion to Dismiss or Alternatively Motion for More Definite Statement (Doc. 12), filed July 1, 2014;

2. Plaintiff's Opposition to Defendants' Motion to Dismiss (Doc. 15), filed July 7, 2014; and

3. Motion Requesting Hearing on Defendants' Motion to Dismiss (Doc. 20), filed September 4, 2014.

Upon consideration, the Court finds that the motion to dismiss (Doc. 12) is due to be granted and the motion for a hearing (Doc. 20) is due to be denied as moot.

**BACKGROUND**

Proceeding pro se, Plaintiff alleges that Defendants Sean Beery—a roofer—and Isaac Senez—a roof inspector—engaged in a scheme to perform intentionally shoddy repairs to his roof, induce non-payment for the work, and then foreclose a construction lien on his home. (*See* Doc. 1, ¶¶ 4, 6–20.) By virtue of their participation in the alleged scheme, Plaintiff claims that Defendants violated several state and federal laws, including

the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. (*See id.* ¶¶ 24–31.)

Defendants move to dismiss Plaintiff's Complaint as barred by res judicata and for failure to state a claim. (*See* Doc. 12, p. 1 (citing Fed. R. Civ. P. 12(b)(6)).) Plaintiff opposes. (*See* Doc. 15.) The matter is now ripe for the Court's adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alterations and internal quotation marks omitted). When a complaint is challenged under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

## DISCUSSION

**I.   Res Judicata**

Defendants first argue that this case should be dismissed because all of Plaintiff's claims are barred by the doctrine of res judicata. (*See* Doc. 12, ¶¶ 10–20.) The Court disagrees.

"Res judicata bars the filing of claims which were raised or could have been raised

in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

> Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

*Id.* Ordinarily, res judicata is addressed on summary judgment, as "a court must examine the record to determine whether [an] issue has been actually or could have been litigated and to ascertain whether there has been a final judgment in the other proceeding." *Jones v. Gann*, 703 F.2d 513, 515 (11th Cir. 1983). However, "[a] party may raise the defense of res judicata in a Rule 12(b)(6) motion when the existence of the defense can be judged from the face of the complaint," from attachments thereto, or from "documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *See Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013).

In this case, Defendants contend that Plaintiff's federal claims are barred by the res judicata effect of a foreclosure action that the parties previously litigated in state court. (*See* Doc. 12, ¶¶ 3–8, 10–20.) In support of this contention, Defendants cite to several state-court documents that they attach to their motion, including: (1) the foreclosure complaint and its attached exhibits (Doc. 12-1); (2) the final judgment (Doc. 12-2); (3) notes from a hearing on a motion to clarify the final judgment (Doc. 12-3); and (4) Plaintiff's motion for post-judgment relief (Doc. 12-4). Significantly though, Plaintiff does not expressly refer to any of those documents in his Complaint (*see* Doc. 1), and

thus the Court cannot consider them on Defendants' Rule 12(b)(6) motion.[1] *See Starship Enters.*, 708 F.3d at 1252 n.13. As the existence of a res judicata defense is not otherwise apparent from the face of Plaintiff's Complaint or the attachments thereto, Defendants' motion to dismiss on res judicata grounds is unsupported and is therefore due to be denied. *See id.* Defendants may reassert res judicata defenses at a later stage of this litigation.

## II.    Count I—RICO

Defendants next argue that Plaintiff has failed to state a civil RICO claim. (*See* Doc. 12, ¶¶ 21–37.) As currently pled, the Court agrees.

"Essential to any successful RICO claim are the basic requirements of establishing a RICO enterprise and a 'pattern of racketeering activity.'" *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004). "A RICO enterprise exists where a group of persons associates, formally or informally, with the purpose of conducting illegal activity." *Id.* A "pattern of racketeering activity" exists where the alleged enterprise has repeatedly committed certain statutorily defined predicate acts, such as extortion, bribery, mail fraud, or wire fraud. *See* 18 U.S.C.A. § 1961(1). "To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a *continuing*

---

[1] The Court could convert Defendants' motion to dismiss into a motion for summary judgment and consider the attached exhibits in that context, but it declines to do so on the present record. *See Starship Enters.*, 708 F.3d at 1252 n.13 (holding that, by considering state-court documents that the plaintiff had not referred to in its complaint, the district court "automatically converted the motion to dismiss into a motion for summary judgment").

4

nature." *Jackson*, 372 F.3d at 1264 (citing 18 U.S.C. § 1961(5)).

Plaintiff's RICO claim does not satisfy the second basic requirement: a pattern of racketeering. (*See* Doc. 1, ¶ 24.) Specifically, the claim falls short in two regards. First, Plaintiff does not provide supporting factual allegations for several of the predicate acts that Defendants purportedly committed. For example, Plaintiff contends that Defendants' racketeering activity included bribery of public officials and wire and mail fraud (*see id.* ¶ 5), but he does not allege any facts which would support those contentions (*see id.* ¶¶ 6–23). Rule 8's pleading standard requires more than "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

Second, those predicate acts that are factually supported[2] do not demonstrate that Defendants engaged in criminal conduct that is "*continuing* in nature." *See Jackson*, 372 F.3d at 1264 (observing that continuity is crucial to RICO claims because "RICO targets ongoing criminal activity rather than sporadic, isolated criminal acts"). "'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989).

Closed-ended continuity requires a "series of related predicates extending over a substantial period of time." *Id.* at 242. With few exceptions, "the *substantial* period of time requirement for establishing closed-ended continuity cannot be met with allegations of schemes lasting less than a year," especially "where the RICO allegations concern only

---

[2] The Court assumes for the purpose of this Order that Defendants' alleged "tactics of intimidation," foreclosure scheme, and related perjury in state court qualify as predicate acts of racketeering activity. (*See* Doc. 1, ¶¶ 5–20); 18 U.S.C.A. § 1961(1).

a single scheme with a discrete goal." *Jackson*, 372 F.3d at 1266–67. On the broadest possible reading of Plaintiff's RICO claim, Defendants' alleged scheme began with the parties' February 12, 2013 reroofing agreement and ended at some point before February 7, 2014, with the conclusion of the state-court foreclosure proceedings. (*See* Doc. 1, ¶¶ 6, 19.) In other words, the alleged scheme—which appears to have had the discrete goal of foreclosing an ill-gotten construction lien on Plaintiff's home—lasted less than a year and therefore did not occur over a sufficiently substantial period of time to demonstrate closed-ended continuity.

Open-ended continuity requires "either that the alleged acts were part of the defendants' 'regular way of doing business,' or that the illegal acts threatened repetition in the future." *Jackson*, 372 F.3d at 1267 (quoting *H.J. Inc.*, 492 U.S. at 242–43). The racketeering allegations in the present Complaint are confined strictly to the dispute between the parties. (*See* Doc. 1, ¶¶ 6–20.) Without some suggestion that Defendants have run their alleged scheme on other homeowners or that their actions suggest a future threat of doing so, the Court cannot conclude that Plaintiff has shown open-ended continuity.

Accordingly, because the predicate acts currently alleged in the Complaint are either unsupported or fail to demonstrate continuing criminal activity, Plaintiff's RICO claim is due to be dismissed without prejudice—meaning that Plaintiff will be permitted to file an amended complaint in which he may, if the facts of this case support it, reassert his RICO claim to include detailed factual support for all alleged predicate acts and to demonstrate continuous criminal activity on the part of Defendants.

### III. Counts II–VI

In the Complaint's remaining counts, Plaintiff asserts what appear to be several state-law claims, including intentional infliction of emotional distress and unjust enrichment. (*See id.* ¶¶ 24–31.) The counts do not contain factual allegations specific to the claims therein, nor do they incorporate by reference any of the factual allegations in the preceding sections of the Complaint. (*See id.*) Accordingly, because the Court cannot determine whether Plaintiff is entitled to relief without factual allegations, Counts II–VI are likewise due to be dismissed without prejudice. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. Like the RICO claim addressed above, Plaintiff may file an amended complaint reasserting the claims in Counts II–VI with greater factual support.

### IV. Plaintiff's Pro Se Status

Finally, the Court must address Plaintiff's contention that, as a pro se litigant, his pleadings should be construed liberally and thus Defendants' motion to dismiss should be denied. (*See* Doc. 15, ¶ 35; Doc. 15-1; *see also* Doc. 1, p. 10.) While Plaintiff is correct that pro se pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), ultimately pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Thus, while the Court construes Plaintiff's pleadings liberally, it may not relieve Plaintiff entirely of his duty under Rule 8 to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678. As addressed above, the present Complaint fails to state facially plausible claims to relief, and therefore the Rules require dismissal without prejudice.

Additionally, as the Court made clear in its Pro Se Order, Plaintiff is subject to Rule 11(b), which prohibits submitting pleadings, written motions, or other papers "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." (*See* Doc. 7, p. 2.) The instant Complaint contains material that is not relevant to Plaintiff's claims and appears to be designed to harass. (Doc. 1, ¶ 3; Doc. 1-1.) The Court will not tolerate the inclusion of such material in future filings.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss or Alternatively Motion for More Definite Statement (Doc. 12) is **GRANTED**.

2. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before October 17, 2014, Plaintiff may file an Amended Complaint consistent with the directives of this Order.[3]

4. Motion Requesting Hearing on Defendants' Motion to Dismiss (Doc. 20) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 29, 2014.

ROY B. DALTON JR.
United States District Judge

---

[3] If Plaintiff chooses to file an Amended Complaint, the Court encourages Plaintiff to make use of the resources available to pro se litigants on the Court's website: https://www.flmd.uscourts.gov/pro_se/default.htm.

Copies:

Counsel of Record

Pro Se Party